IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARK KIRN | ) | |
| | ) | **Jury Trial Demanded** |
| Plaintiff, | ) | |
| | ) | Cause No.: _____ |
| v. | ) | |
| | ) | Removed from the Circuit Court |
| TUFF SHED, INC., GARRETT MAUN, | ) | of Saint Louis County; |
| and KIRK HUNTER | ) | Case No.: 16SL-CC02180 |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Come Now Defendants, Tuff Shed, Inc., Garrett Maun and Kirk Hunter, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and hereby file this Notice of Removal with the United States District Court for the Eastern District of Missouri, Eastern Division.  In support of removal to this Court, Defendants state as follows:

### I.     BACKGROUND

1.     This is a civil action that was originally filed on or about June 15, 2016, in the Circuit Court of Saint Louis County, Missouri, bearing Case Number 16SL-CC02180 (the "State Court Action").  True and accurate copies of all pleadings filed in the State Court Action have been attached hereto as Exhibit A.

2.     The State Court Action arises out of an alleged violation of the Missouri Human Rights Act ("MHRA") which prohibits, among other things, employment discrimination based on an actual or perceived disability. Plaintiff Mark Kirn contends that Defendants failed to provide a reasonable accommodation, created a hostile work environment, retaliated against him and terminated him due to his disability.   In a clear effort to deny this Court jurisdiction,

1

Plaintiff has included as a named defendant Kirk Hunter, who, like Plaintiff, is a Missouri citizen.  As described below, Plaintiff has fraudulently joined Hunter.

3.      Defendant Tuff Shed was served with a Summons and a copy of the First Amended Petition on or about July 11, 2016.  (Ex. A, State Court File, p. 3).

4.      Defendant Garrett Maun was personally served with a Summons and a copy of the First Amended Petition on or about July 5, 2016.  (Ex. A, State Court File, p. 7).

5.      Defendant Kirk Hunter was personally served with a Summons and a copy of the First Amended Petition on or about July 6, 2016.  (Ex. A, State Court File, p. 6).

6.      In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of service of Plaintiff's Summons on all Defendants.

7.      This Notice of Removal is agreed to by each of the Defendants.

8.      Venue is proper in this District under 28 U.S.C.  § 1441(a) because this District and Division embrace the place where the State Court Action has been pending.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§1332 AND 1441

### a.  Complete Diversity of Citizenship Exists Between Plaintiff, on the One Hand, and Defendants Tuff Shed, Inc. and Garrett Maun, on the Other.

9.      Plaintiff alleges that he is a resident of the State of Missouri. (Ex. A, State Court File: First Amended Petition, p. 19, ¶ 2).  For diversity purposes, a person "is considered to be a citizen of the state in which he is domiciled." *Cooney v. Usher*, 2012 WL 484697 at * 1 (E.D. Mo. Feb. 13, 2012).  Upon information and belief, Plaintiff is a citizen of Missouri.

10.     Defendant Tuff Shed, Inc., at all relevant times, was incorporated under the laws of the state of Colorado.  Colorado is also Defendant Tuff Shed, Inc.'s principal place of business.  Accordingly, Tuff Sheds, Inc. is not a citizen of the state of Missouri.

2

11. Defendant Garrett Maun was, at all relevant times, a citizen and resident of the state of Illinois. (Ex. B, Maun Decl. ¶ 2).

12. Accordingly, there is complete diversity between Plaintiff and Defendants Tuff Shed, Inc. and Garrett Maun.

**b. Plaintiff Fraudulently Joined Kirk Hunter.**

13. Though Defendant Kirk Hunter is a resident and citizen of Missouri, he was fraudulently joined in this matter to defeat diversity jurisdiction.

14. Hunter's citizenship should be ignored for purposes of determining diversity because his inclusion in this action is fraudulent. *See Council Tower Assoc. v. Axis Specialty Ins. Co.*, No. 4:08-cv-1605, 2008 WL 5423442 at *2 (E.D. Mo. Dec. 29, 2008) ("a court may disregard the citizenship of a non-diverse defendant who was fraudulent joined in an effort to defeat removal"); *Parnas v. General Motors Corp.*, 879 F. Supp. 91, 92 (E.D.Mo. 1995) ("when a court is assessing whether diversity jurisdiction exists over a particular case, a court may ignore the citizenship of parties fraudulently joined") (citing 28 U.S.C. § 1441(b)).

### *i. The Legal Standard for Fraudulent Joinder.*

15. The "common thread" underlying the question whether a defendant has been fraudulently joined to defeat diversity jurisdiction is "reason." *See Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003); *Menz v. New Holland North America, Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006). "Thus, a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim." *Id.* "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against resident defendants." *Id. (quoting Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)).

16.    Here, the joinder of Defendant Hunter is fraudulent because there exists no reasonable basis in fact or law supporting a claim against him.

### ii.    The Petition Fails to State a Claim Against Kirk Hunter.

17.    Plaintiff's disability discrimination lawsuit includes four counts: Count I – Failure to Accommodate; Count II – Hostile Work Environment; Count III – Tangible Employment Action; and, Count IV - Retaliation.  On the face of the First Amended Petition, Plaintiff fails to state a claim against Defendant Hunter.

18.    Under both state and federal law, a complaint that offers "labels and conclusions" or "naked assertions devoid of further factual enhancement" is insufficient to show that the pleader is entitled to relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Pulitzer Pub. v. Transit Cas. Co.,* 43 S.W.3d 293, 302 (Mo. banc 2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that plausible on its face." *Ashcroft*, 556 U.S. at 678.

19.    With respect to Counts I, III and IV, Plaintiff's First Amended Petition fails to identify *any* specific actions taken by Defendant Hunter that constitute a discriminatory tangible employment action, retaliation or the failure to accommodate.  Absent from the First Amended Petition are *any* pleaded facts tending to show that Defendant Hunter was involved in Plaintiff's request for an accommodation or job separation.

20.    Count II, the claim for Hostile Work Environment, is equally flawed.  Defendant Hunter's alleged conduct was mentioned only once in the First Amended Petition.  (Ex. A, State Court File: First Amended Petition, ¶ 26).  In the section captioned "Factual Allegations Common to All Counts," Plaintiff vaguely states that "Defendant Hunter treated Plaintiff with hostility and was borderline abusive toward Plaintiff with regards to Plaintiff's disability. . . .

Defendant Hunter's behavior was an attempt to force Plaintiff to voluntarily quit his job." *Id.* Plaintiff pleads nothing more in support of this conclusory statement. Such "threadbare recitals . . . supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678.

21.    Further, Plaintiff failed to exhaust his administrative remedies with respect to Count II. A claim for Hostile Work Environment was not included in the administrative charge. (Ex. A, State Court File: Charge, p. 50). The charge did not categorize the conduct as a continuing action, nor did it recite any facts or particulars relating to intolerable working conditions or harassment. *Id.* Instead, it generally alleged that Plaintiff was terminated after requesting medical leave. *Id.*

22.    The Missouri Supreme Court has emphasized that a plaintiff fails to exhaust his or her administrative remedies where the charge of discrimination does not put a defendant on notice of the intent to raise additional claims. *See Farrow v. Saint Francis Med. Ctr.*, 407 S.W.3d 579, 593-94 (Mo. 2013) ("The charge of discrimination contains no allegations whatsoever that would put Hospital on notice that she intended to raise additional claims regarding retaliation for its treatment of her while she sought relief under the Hospital's internal grievance procedure. . . . Farrow failed to exhaust her administrative remedies . . . The circuit court properly granted summary judgment in Hospital's favor on Count IV.").

23.    Since Plaintiff has failed to plead any facts tending to support a cause of action against Defendant Hunter, his citizenship must be "disregarded" when this Court assesses diversity jurisdiction. *See Council Tower Assoc.* 2008 WL 5423442 at *1.

> ### iii. No Facts Exist Tending to Prove a Reasonable Basis for the Claims against Kirk Hunter.

24. Plaintiff did not plead and cannot prove facts sufficient to state a cause of action against Defendant Hunter. [1]

25. Defendant Hunter was not involved in Plaintiff's alleged request for an accommodation. (Ex. C, Hunter Decl. ¶ 2). In fact, the First Amended Petition explicitly alleges that Plaintiff spoke to Defendant Maun regarding time off. (Ex. A, State Court File: First Amended Petition, ¶¶ 30-32).

26. Further, Defendant Hunter did not play any role in the decision to terminate Plaintiff's employment. (Ex. B, Maun Decl. ¶¶ 5-7); (Ex. C, Hunter Decl. ¶¶3, 5). Defendant Maun believed that Plaintiff had abandoned his job. (Ex. B, Maun Decl. ¶ 3-4); (Ex. C, Hunter Decl. ¶¶ 4-5). He alone processed the employment separation. (Ex. B, Maun Decl. ¶ 3-4).

27. Based on the above, Defendant Hunter cannot be personally liable under the MHRA for Counts I, III and IV. Individual liability is premised on the individual acting in the interest of the employer. *See* R.S.Mo. § 213.010(7). Defendant Hunter took no actions with respect to the accommodation process or Plaintiff's separation from employment. The simple fact that Defendant Hunter was Plaintiff's supervisor is insufficient to impose liability under the MHRA, which requires proof that the supervisor directly oversaw or was actively involved in the discriminatory conduct. *See Reed v. McDonald's Corp.*, 363 S.W.3d 134, 139-40 (Mo. Ct. App. 2012). Further, there is no liability against any of the Defendants for Count II because of Plaintiff's failure to exhaust administrative remedies.

28. Under similar circumstances this Court has retained jurisdiction. *See Waller v. Blast Fitness Group*, LLC, 2015 WL 7737298 (E.D. Mo. Dec. 1, 2015) ("This Court concludes that the complaint falls short of stating a colorable claim against [Defendant] Miller. . . There is

---

[1] In resolving issues of fraudulent joinder, the court may consider materials, such as affidavits and declarations, that are outside the pleadings. *In re Genetically Modified Rice Litigation,* 618 F.Supp.2d 1047, 1052 (E.D. Mo. 2009).

no allegation or hint that she knew about the alleged *quid pro quo* sexual harassment by Thompson, or that she was in any way involved in it. . . . In sum the Court concludes that Defendants have met their burden of showing that Blast Jefferson, LLC and Miller were fraudulently joined in this action, and further that the complaint fails to state a claim against them.   Thus Plaintiff's motion to remand will be denied, and these Defendants will be dismissed.").

29.     Accordingly, the inclusion of Defendant Hunter in this lawsuit is fraudulent and does not defeat diversity jurisdiction.

### c.   The Amount in Controversy Exceeds the Jurisdictional Minimum

30.     Plaintiff's First Amended Petition seeks actual damages, emotional distress damages, punitive damages, attorney's fees, and additional relief the Court deems proper.   (Ex. A, State Court File: First Amended Petition, ¶¶ 62,64-65).

31.     Actual damages, punitive damages and attorneys' fees may all be considered when determining the amount in controversy for purposes of jurisdiction.  *Wright-Broderick v. Southwestern Bell Telephone Co.,* 2013 WL 5954417, E.D.Mo., 2013, p. 3, *citing Crawford v. Hoffman-La Rouches, Ltd..,* 267 F.3d 760, 765 (8th Cir. 2001); *Capital Indemnity Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992); *see also Bell v. Preferred Life Assur. Soc. of Montgomery*, Ala., 320 U.S. 238, 240 (1943).

32.     When considering the jurisdictional amount requirement, the appropriate question is "not whether the damages are greater than the requisite amount, but whether a fact finder *might* legally conclude they are[.]"  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d. 342 (8th Cir. 2007) (emphasis added).   Jurisdiction is measured by the amount properly pleaded, not by the end result.  *Id.*  A matter involving diverse parties will be removed to federal court if, "based on

information known to the court at the time jurisdiction was challenged, the jury reasonably could have awarded more than the statutory minimum, even if the jury ultimately did not do so." *Id.* at 350.

33.     On January 8, 2016, Plaintiff issued a settlement demand in the amount of $100,000.  The $100,000 was a numerical value Plaintiff assigned to his lost wages, benefits and emotional distress.[2]  While the mere existence of a settlement demand is not dispositive, it is relevant to the determination of the amount in controversy.  *Thomas v. Mann*, 2006 WL 2620644 (E.D. Mo. 2006), citing *Gramc v. Millar Co./Schindler Enterprises*, 3 F.Supp.2d 1082, 1084 (E.D.Mo. 1998).  *See also Burnham v. Summers*, 2009 WL 2231677 (E.D.Mo. 2009) (remanding case for untimeliness of removal when defendant received a pre-suit demand in excess of the jurisdictional limit).

34.     Defendants are on notice that the amount in controversy in this case exceeds the jurisdictional limit given Plaintiff's $100,000 pre-suit demand, his claimed lost wages, and his request for attorneys' fees and punitive damages.

35.     Because the amount in controversy exceeds the jurisdictional limit and complete diversity of citizenship exists, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.  Since all other requirements for removal have been met, this Court should exercise jurisdiction over the matter.

36.     Pursuant to 28 U.S.C. § 1446(d), Defendants are filing today a Notice of Removal to State Court, directed to the Clerk of the Twenty-First Circuit Court of Missouri.  Defendants

---

[2] Because these negotiations are confidential, Defendants will err on the side of caution and abstain from attaching a copy of the demand letter as an exhibit to this pleading.  In the event the jurisdictional amount is disputed and the Court requires proof of the demand, Defendants respectfully request this Honorable Court to allow it to supplement this filing with appropriate safeguards for preserving confidentiality.

will file within three days proof with this Court that the Notice of Removal to the State Court was filed.

WHEREFORE, Defendants respectfully requests this Honorable Court to accept jurisdiction over this action.

Respectfully submitted,

BROWN & JAMES, P.C.

*/s/ Steven H. Schwartz* _
Steven H. Schwartz,    #36436
Morgan K. Williams,    #61740
sschwartz@bjpc.com
mwilliams@bjpc.com
800 Market Street, 11th floor
St. Louis, Missouri 63101
314.421.3400
Fax: 314.421.3128

*Attorneys for Defendants*

9

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a copy of the attached Notice of Removal has been served by the Court's electronic filing system this 18th day of July, 2016, on the following counsel of record:

Jeremy D. Hollingshead
Hollingshead, Paulus, Eccher & Fry
7777 Bonhomme Avenue, Suite 2401
Saint Louis, MO 63105

BROWN & JAMES, P.C.

*/s/ Steven H. Schwartz*
Steven H. Schwartz,    #36436
Morgan K. Williams,     #61740
sschwartz@bjpc.com
mwilliams@bjpc.com
800 Market Street, 11th floor
St. Louis, Missouri 63101
314.421.3400
Fax: 314.421.3128

**Attorneys for Defendants**

13055267